UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEAN HUE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-4313** |
| **DARRYL VANNOY** | **SECTION: "E"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Dean Hue, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On May 1, 2012, he pleaded guilty to second degree murder under Louisiana law and was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[1]

---

[1] State Rec., Vol. 4 of 4, transcript of May 1, 2012; State Rec., Vol. 3 or 4, minute entry dated May 1, 2012; State Rec., Vol. 3 of 4, guilty plea form.

On April 26, 2013, petitioner then filed an application for post-conviction relief with the state district court.[2]  That application was denied on May 19, 2014.[3]  His related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on September 8, 2014,[4] and by the Louisiana Supreme Court on February 19, 2016.[5]

On April 29, 2016, petitioner thereafter filed the instant federal application seeking habeas corpus relief.[6]  The state opposes the application, arguing that it is untimely.[7]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  28 U.S.C. § 2244(d)(1)(A).[8]  On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).  However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes

---

[2] State Rec., Vol. 3 of 4.  Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  The date on which that occurred here is not apparent from the record.  However, the undersigned will simply use the signature date of the application as the filing date, in that the application could not have been placed in the prison mailing system prior the date on which it was signed.

[3] State Rec., Vol. 4 of 4, transcript of May 19, 2014; State Rec., Vol. 3 of 4, minute entry dated May 19, 2014; State Rec., Vol. 3 of 4, Judgment dated June 13, 2014; State Rec., Vol. 3 of 4, Amended Judgment dated August 4, 2014.

[4] State v. Hue, No. 2014 KW 0995 (La. App. 1st Cir. Sept. 8, 2014); State Rec., Vol. 4 of 4.

[5] State ex rel. Hue v. State, 184 So.3d 672 (La. 2016); State Rec., Vol. 4 of 4.

[6] Rec. Doc. 4.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Here, petitioner has declared under penalty of perjury that his federal application was placed in the prison mailing system on April 29, 2016.  Rec. Doc. 4, p. 15.

[7] Rec. Docs. 6 and 7.

[8] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner pleaded guilty and was sentenced on May 1, 2012. Because he did not file a direct appeal within the thirty days allowed by state law, his conviction and sentence therefore became final for federal purposes no later than May 31, 2012.[9] Accordingly, his period for filing his federal application for habeas corpus relief commenced on that date and then expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

After three hundred twenty-nine (329) days elapsed, petitioner tolled his federal limitations period by filing a post-conviction application with the state district court on April 26, 2013.[10]

---

[9] Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. Code Crim. P. 914.

[10] Although petitioner also filed a motion to obtain a copy of the plea transcript in August of 2012, that motion is of no moment here. It is clear that a motion seeking transcripts or other documents is not considered application for "State post-conviction or other collateral review" for tolling purposes because it is preliminary in nature and does not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n.22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004). Here, the state does not argue that petitioner's related writ applications were untimely. Accordingly, the undersigned finds that tolling continued until February 19, 2016, the date on which the Louisiana Supreme Court denied relief.[11]

When the limitations period then resumed running at that point, petitioner had only thirty-six (36) days of the one-year limitations period remaining. Therefore, he had until March 28, 2016,[12] either to again toll the federal limitations or to file his federal application.

Because petitioner filed no other state applications during that period, he clearly is not entitled to further statutory tolling.

It is true that the United States Supreme Court has expressly held that the AEDPA's statute of limitations is also subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the

---

[11] A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

[12] Because the thirty-sixth day fell on a Saturday, petitioner's deadline was extended through the following Monday, March 28, 2016. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed. R. Civ. P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). In the instant case, petitioner does not invoke McQuiggin and, in any event, he has not made colorable showing that he is actually innocent in light of "new evidence."

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than March 28, 2016, in order to be timely. His federal application was not filed until April 29, 2016, and, therefore, it is untimely.

Out of an abundance of caution, the Court notes that, although petitioner's application was filed only approximately one month past the deadline, "the magnitude of [a petitioner's] tardiness" simply is not a proper consideration in determining the timeliness of a federal habeas application.

5

Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002). As the United States Fifth Circuit Court of Appeals explained:

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

Id. at 264-65 (footnote omitted).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that federal application for habeas corpus relief filed by Dean Hue be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[13]

New Orleans, Louisiana, this eighth day of November, 2016.

*Janis Van Meerveld*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.